IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Merri Sue Clark; Richard W. Clark,

        Plaintiffs,                              Civ. No. 6:21-cv-1139-MC

        v.                                      OPINION AND ORDER

Fay Servicing, LLC, et al.

        Defendants.

_____

**MCSHANE, Judge**:

      Plaintiffs, proceeding *pro se*, seek an emergency temporary restraining order, ECF No. 7, prohibiting Defendant Fay Servicing, LLC from proceeding with a foreclosure mediation scheduled for August 17, 2021. As Plaintiffs fail to establish a likelihood of success on the merits, and as Plaintiffs fail to demonstrate any likelihood of irreparable harm, Plaintiff's motion, ECF No. 7, is DENIED.

      A party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The mere possibility of irreparable harm is not enough. Rather, the plaintiff must establish that this harm is likely. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Economic damages, which may be remedied with a later judgment for monetary damages, do not constitute irreparable harm. *Los*

1 – OPINION AND ORDER

*Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1203 (9th Cir. 1980). The standards for issuing a temporary restraining order are like those required for a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Ca. 1995).

The present dispute appears to be the fourth dispute between Plaintiffs and parties attempting to foreclose on Plaintiffs' deed of trust. There appears to be two state court cases involving an attempted judicial foreclosure brought by Wells Fargo. Additionally, there is one previous federal case involving most of the same parties here.[1] Finally, there is one relevant bankruptcy proceeding involving statements made by Richard Clark regarding the note at issue.

The Court first notes Plaintiffs fails to establish any likelihood of irreparable harm. Plaintiffs seek an order "restrain[ing] Fay Servicing no later than August 16, 2021 from continuing this unlawful foreclosure mediation until such time as this court can fully determine the merits of the case." ECF No. 8, 4. While completing mediation may be a prerequisite for conducting a nonjudicial foreclosure, there does not appear to be any date set for such a sale at this time. Additionally, the Court is unable to make out any irreparable harm from simply attending a mediation. Plaintiffs' speculation about the outcome of the mediation is, at this point, simply speculation. The Court understands Plaintiffs' argument to essentially boil down to the argument that by attending the mediation, they will be one step closer to an illegal nonjudicial foreclosure sale. The Court disagrees and, as noted, cannot determine that simply attending a mediation constitutes a significant threat of imminent, irreparable harm.

---

[1] As the federal case is a related case with pending motions, the Court will reassign that case for the sake of judicial efficiency. The Court notes Judge Aiken denied Plaintiffs' motion for a TRO in that matter on the basis that Plaintiffs failed to establish a likelihood of success on the merits.

2 – OPINION AND ORDER

Additionally, Plaintiffs fail to establish any likelihood of success on the underlying merits of their general theory that Fay Servicing lacks standing to conduct a nonjudicial foreclosure. Although Plaintiffs' argument in this regard is not crystal clear, they appear to argue that because they obtained a general judgment of dismissal against Wells Fargo's judicial foreclosure some time ago, Fay Servicing is currently precluded from arguing it has standing to bring a nonjudicial foreclosure. This argument seems to be based on arguments Plaintiffs made in a motion to dismiss in that judicial foreclosure proceeding. But Plaintiffs also argued below that Wells Fargo lacked standing not because it never had standing, but because it had previously transferred its servicing rights to Caliber Home Loans, Inc.[2] In March 2021, Fay Servicing sent Plaintiffs a notice stating Caliber was transferring servicing rights to Fay Servicing. FAC ¶ 85; RJN, Ex. K. Additionally, documents from Plaintiff Richard Clark's 2009 bankruptcy proceeding indicate Clark identified Wells Fargo at the secured creditor of the loan at issue. RJN, Ex. B, 7; ECF No. 7-1. As the bankruptcy court relied on Clark's statement in dismissing those proceedings, Plaintiffs may well be barred from now arguing that Wells Fargo never had a security interest to reassign to Caliber who in turn assigned to Fay Servicing.

Because Plaintiffs present no evidence demonstrating the likelihood of irreparable harm, and because Plaintiffs fail to establish any likelihood of success on the merits, Plaintiffs' motion for a temporary restraining order, ECF No. 8, is DENIED.

IT IS SO ORDERED.

DATED this 10th day of August, 2021.

                                                       /s/ Michael McShane
                                                       **Michael J. McShane**
                                                       **United States District Judge**

---

[2] Fay Servicing includes the motions and other filings in the state case below and such documents are subject to judicial notice as public records. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).