IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MERRI SUE CLARK; RICHARD W. CLARK,

        Plaintiff,

v.

ANNETTE PHELPS, et al.

        Defendants.

_____

Civ. No. 6:21-cv-1139-MC

OPINION AND ORDER

**MCSHANE, Judge**:

Following the Court's dismissal of Plaintiffs' claims challenging Defendants' attempted foreclosure proceedings, Defendants Caliber Home Loans, Inc., Fay Servicing, LLC, and U.S. Bank Trust move for attorney fees and costs. Motion for Fees; ECF No. 85. Plaintiffs, proceeding *pro se*, filed a response in opposition. While Plaintiffs repeat their longstanding positions regarding the merit of their claims, they do not oppose the amount of fees or costs sought. For example, Plaintiffs argue: "None of the defendants is entitled to expenses in pursuit of remedies under the trust deed because the trust deed and all of its provisions are unenforceable if it is held by one who has no right to enforce the note." Pl.s' Opp. 14; ECF No. 91. Plaintiffs also argue, as they argued previously, that this Court lacks subject matter jurisdiction over this action.[1] *Id.* at 23-25. The

---

[1] Plaintiffs also urge the Court to deny the motion due to the moving Defendants' failure to confer. Although Defendants failed to confer, the Court finds any attempt at conferral here would have been futile. Plaintiffs were not prejudiced because, had Defendants conferred— and this is clear not only from Plaintiffs' filed opposition, but from Plaintiffs' approach in this case and numerous similar cases—they would have filed the same motion and Plaintiffs would have filed an identical opposition.

1 – OPINION AND ORDER

Court previously considered, and rejected, Plaintiffs' theories as to the merits of their claims. *See* March 23, 2023, Opinion and Order; ECF No. 83. After pointing out the numerous fatal problems underlying Plaintiffs' claims, the Court concluded, "It appears to the Court that Plaintiffs' goal in numerous litigations is not to determine who they owe, but rather to prolong, for as long as possible, any attempted foreclosure proceedings."

The 1993 Note Plaintiffs signed provides:

> If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. These expenses include, for example, reasonable attorneys' fees.

Ex. A, 1.

Similarly, the Deed of Trust Plaintiffs signed states the lender is entitled to "collect all expenses," including attorneys' fees, in pursuit of acceleration and sale. Ex. B, 1. Section 7 provides for "reasonable attorney fees to protect its interest in the Property" in the event of Plaintiffs' default. *Id.* at 3. Looking past Plaintiffs' general arguments regarding the merits of their claims, they do not contest that the December 30, 2019, Notice of Default and Election to Sell triggered the attorney fee provisions in the note and deed. The Deed of Trust explicitly includes attorneys' fees as "additional debt" of Plaintiffs. Ex. B, 3.

The Ninth Circuit applies the "lodestar" method for calculating attorney fees. *Fischer v. SJB–P. D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). That calculation multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Id.* (citing *Hensely v. Eckerhart*, 461 U.S. 424, 433 (1983)). A "strong presumption" exists that the lodestar figure represents a "reasonable fee," and it should therefore only be enhanced or reduced in "rare and exceptional cases." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986). Ordinarily, the court decides whether to enhance

or reduce the lodestar figure by evaluating a set of factors. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Prevailing market rates are those that the local legal market would pay for a case of this nature to a lawyer of comparable skill, experience, and reputation to a plaintiff's counsel of record. *Blum v. Stenson,* 465 U.S. 886, 897 (1984). Accordingly, this District uses the Oregon State Bar 2017 Economic Survey as the initial benchmark when reviewing fee petitions.[2]

      Although Plaintiffs did not object to the hours spent or the hourly rates sought, the Court has reviewed the detailed submissions, including invoices, Defendants submitted in support of their motion. *See* Abbott Decl. ECF No. 86. The Court finds the hourly rates sought are prevailing market rates and the number of hours requested are reasonable given the nature of the litigation. Defendants' Motion for Fees and Costs, ECF No. 85, is GRANTED. Defendants are awarded $402 in costs. U.S. Bank is awarded $72,913.20 in attorney fees. Caliber is awarded $40,155.67 in attorney fees.

      DATED this 20th day of July, 2023.

                                                  _____/s/ Michael McShane_____
                                                          **Michael J. McShane**
                                                   **United States District Judge**

---

[2] The economic survey is available at https://www.osbar.org/_docs/resources/Econsurveys/17EconomicSurvey.pdf.

3 – OPINION AND ORDER